CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 28 2006 Danville
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| HOWARD T. COOK, | ) | CASE NO. 4:05CV00047 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler U.S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's August 4, 2003 claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff, with past relevant work as a

brewer and a self-employed farmer *had* engaged in substantial gainful activity[1] since his alleged date of disability onset, December 1, 2002, and was insured for benefits through December 31, 2003. (R. 14, 15, 20.) Despite finding that the plaintiff had been engaged in substantial gainful activity, the Law Judge continued the sequential evaluation to find that plaintiff had diabetes, a history of high blood pressure and musculoskeletal complaints, which he considered severe impairments. (R. 16, 20.) The Law Judge was of the view that plaintiff's impairments, or combination thereof, did not meet or equal the criteria of any listed impairment. (R. 16, 20.) The Law Judge found that plaintiff could perform full range of medium work. (R. 17, 19, 20.) The Law Judge also found that the plaintiff could return to past relevant work as a brewer or as a self-employed farmer. (R. 19, 20.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis under its rules to review the Law Judge's decision. (R. 6-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In a memorandum filed in support of his motion for summary judgment, plaintiff contends that the Law avoided making a specific finding as to whether he was still working but noted his "suspicion" in that regard. (Pl's Memorandum, p. 17.) The Commissioner argues that substantial evidence supports the Law Judge's finding that plaintiff was involved in activities which constituted substantial gainful activity and that his claim "could" have be denied at step one. (Commissioner's Memorandum, p. 9.) However, the Commissioner suggests that the Law

---

[1] The Law Judge noted that even after plaintiff's alleged date of disability onset, he had continued to work as a self-employed farmer and hunting guide/outfitter. Additionally, the Law Judge suggested that the absence of reported earnings was not persuasive in that during years prior to plaintiff's date of disability onset he was working as a self-employed farmer and hunting guide/outfitter and reported no income. (R. 20.)

2

Judge gave plaintiff the benefit of the doubt by continuing to the next step in the sequential evaluation.

Under the regulations setting forth the sequential paradigm, once a finding of disabled or not-disabled is made at any level of the sequential evaluation process, the inquiry is to cease at that level of the analysis. 20 C.F.R. § 404.1520(a)(4). While the Law Judge apparently made a finding that plaintiff was engaged in substantial gainful activity at step one, a finding which mandates a determination of not-disabled under 20 C.F.R. § 404.1520(a)(4)(I), he continued to the next step of the sequential evaluation, signaling to the plaintiff the he was not found disabled at step one. The Law Judge proceeded by finding plaintiff not disabled at both step four and step five of the process. (R. 19-20.)

The undersigned notes that "judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *Deloatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). This principle seems equally applicable to reviewing both the substantive and administrative procedural aspects of a case. Otherwise, the court could be considered the Commissioner's accomplice should it affirm a final decision rife with alternative findings in which the administrative decision-makers most clearly disregarded the Commissioner's regulatory paradigm. The undersigned cannot recommend that the presiding court chart such a path that would allow such administrative bet hedging.

While there may or may not be substantial evidence supporting any one of the three alternative findings which would lead to denial of the claim, the regulatory framework does not put the court in the position of having to chose among a smorgasbord of alternate findings on judicial review.

Because a meaningful review cannot obtain under § 405(g), there is good cause to

3

remand the case with direction to comply with the sequential paradigm and make findings consistent therewith. On remand, the parties should be given an opportunity to submit additional evidence and more fully develop the record on all questions in the sequential analysis.

For these reasons, the undersigned RECOMMENDS that an order enter REMANDING the case to the Commissioner for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

4-28-06
Date

4

Case 4:05-cv-00047-JLK-BWC   Document 21   Filed 04/28/06   Page 4 of 4   Pageid#: 91